# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **TIMOTHY SCOTT WALDROP,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:20CV00283 |
| ) | |
| v.                              ) | **OPINION** |
| ) | |
| **WARDEN J. C. STREEVAL,** ) | JUDGE JAMES P. JONES |
| ) | |
| Respondent. ) | |

*Timothy Scott Waldrop, Pro Se Petitioner; Krista Consiglio Frith, Assistant United States Attorney, Roanoke, Virginia, for the Respondent.*

Petitioner, Timothy Scott Waldrop, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] In his Petition, as amended, Waldrop claims that his conviction is defective under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), *Lockhart v. United States*, 577 U.S. 347 (2016), and *United States v. Davis*, 139 S. Ct. 2319 (2019). The respondent contends that Waldrop has not met the jurisdictional requirements for this court to revisit the validity of his conviction in a § 2241 case. After review of the record and the parties' submissions, I agree and will dismiss the Petition.

---

[1] Waldrop is confined at the United States Penitentiary in Lee County, which is located in this judicial district.

I.

On January 16, 2001, a grand jury in the United States District Court for the Western District of Oklahoma returned an eight-count Indictment against Waldrop, No. 5:01CR00003-C. The Indictment charged Waldrop with conspiring to possess with intent to manufacture and to distribute methamphetamine (Count 1), in violation of 21 U.S.C. § 846; two counts of being a felon in possession of a firearm (Counts 2 and 4), in violation of 18 U.S.C. § 922(g)(1); possessing methamphetamine with intent to distribute (Count 3), in violation of 21 U.S.C. § 841(a)(1); possessing an explosive (Count 5), in violation of 18 U.S.C. § 842(i)(1); possessing pseudoephedrine with intent to manufacture methamphetamine (Count 6), in violation of 21 U.S.C. § 841(d)(1); carrying a firearm during and in relation to a drug trafficking crime (Count 7), in violation of 18 U.S.C. § 924(c)(1)(A); and distributing methamphetamine (Count 8), in violation of 21 U.S.C. § 841(a)(1).

On March 5, 2001, pursuant to a written Plea Agreement, Waldrop pleaded guilty to Counts 6 and 7. On July 5, 2001, the court sentenced Waldrop to prison terms of 188 months on Count 6 and 120 months on Count 7, to run consecutively, and dismissed the remaining six charges. Waldrop did not appeal.

On January 5, 2015, Waldrop filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782. The court granted that

motion on April 15, 2016, reducing Waldrop's sentence to 151 months on Count 6 and 120 months on Count 7, to run consecutively.

Waldrop filed this § 2241 Petition in May 2020 and amended it in early June 2020. While his § 2241 case was pending, on June 5, 2020, Waldrop filed a Petition in the United States Court of Appeals for the Tenth Circuit, seeking certification to file a successive motion under 28 U.S.C. § 2255. By Order entered June 11, 2020, the court of appeals denied Waldrop's petition, stating that because Waldrop had not previously filed a § 2255 motion, he did not require authorization from the court of appeals to file a § 2255 motion.

On June 22, 2020, Waldrop filed a § 2255 motion in the United States District Court for the Western District of Oklahoma, the sentencing court, arguing that he was entitled to relief from his sentence under *Rehaif* decision. Specifically, he asserted that because the Indictment charged him with a violation of § 922(g) without fully apprising him of all elements of that offense, his guilty plea was unknowing and involuntary and should be set aside as invalid. The sentencing court rejected his claim. The court found that Waldrop did not plead guilty to the § 922(g) charge and, therefore, this statutory provision did not factor into the sentence that he was challenging under § 2255.

The government filed a response to Waldrop's § 2241 petition. The court notified him of his opportunity to respond to the government's arguments. He

elected not to respond, and the time allotted for his response has elapsed. Therefore, I consider the petition to be ripe for consideration.

II.

Generally, federal prisoners are "required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the savings clause of § 2255 allows a federal prisoner to seek relief under 28 U.S.C. § 2241 if he can show that § 2255 is "'inadequate or ineffective to test the legality of [his] detention.'" *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (quoting 28 U.S.C. § 2255).

The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of a *conviction* when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333–34. The requirements of the savings clause are jurisdictional. *United States v. Wheeler*, 886 F.3d 415, 425–26 (4th Cir. 2018). Thus, unless the petitioner meets these requirements, a district court may not entertain his § 2241 petition that challenges the validity of a federal conviction. *Id.*

Waldrop presents no authority suggesting that the offense conduct for which he was convicted — carrying a firearm during and in relation to a drug trafficking crime and possessing pseudoephedrine with intent to manufacture methamphetamine — are no longer criminal. Accordingly, Waldrop has not met the second of the three factors required in *Jones*. Thus, he has not shown that the court has jurisdiction under the savings clause of § 2255(e) to allow him to challenge the validity of his convictions in a § 2241 petition.

In *Wheeler*, the Fourth Circuit outlined conditions in which the savings clause of § 2255(e) may be used to challenge an allegedly unlawful sentence. 886 F.3d at 428–29. Specifically, the Court held that § 2255 is inadequate and ineffective to test the legality of a sentence when all four of the following requirements are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429. Waldrop's § 2241 petition, liberally construed, alleges that under *Rehaif*, *Lockhart*, and *Davis*, his current sentences are defective and he should be resentenced. His claims fail on the second and fourth *Wheeler* factors, because the legal changes on which he relies do not apply to his convictions or sentences at all.

First, Waldrop claims that *Rehaif* invalidates the Indictment, which failed to provide him notice of an essential element of the charge before he pleaded guilty, rendering his guilty plea invalid. The ruling in *Rehaif* applies only to charges under 18 U.S.C. § 922(g). 139 S. Ct. at 2200. Waldrop did not plead guilty to a § 922(g) charge. Therefore, *Rehaif* has no applicability to Waldrop's convictions or sentences.

Second, Waldrop claims *Lockhart* provides a basis for relief from his guilty plea and convictions. On the contrary, the ruling in *Lockhart* involved the ten-year mandatory minimum sentence required in 18 U.S.C. § 2252(b)(2) for a defendant previously convicted of an offense involving sexual abuse or child pornography. Waldrop did not plead guilty to a charge under § 2252(b)(2). 577 U.S. at 361. Thus, *Lockhart* is inapplicable to his convictions or sentences.

Third, Waldrop argues that the decision in *Davis*, 139 S. Ct. 2319, made "the 924(c) gun charge he was sentenced to unconstitutionally vague, and illegally enhanced." Am. Pet. 1, ECF No. 6-1. *Davis* involved the definition of a "crime of violence" in 18 U.S.C. 924(c)(1)(A). 139 S. Ct. at 2324. Waldrop pleaded guilty to a charge under § 924(c)(1)(A) for carrying a firearm during and in relation to a drug

trafficking crime, not a crime of violence. As such, *Davis* is inapplicable to Waldrop's convictions and sentences.[2]

Because Waldrop has failed to demonstrate an intervening change in substantive law that affects his convictions or sentences, he has failed to meet the second or fourth prongs of the *Wheeler* test. As such, the savings clause does not provide this court jurisdiction to revisit his sentence in a § 2241 petition.

### III.

For the stated reasons, Waldrop has not demonstrated under the requirements of *In re Jones* or *Wheeler* that § 2255 is inadequate and ineffective to test the legality of his convictions or his sentences. Consequently, this court has no jurisdiction to address the merits of his claims under § 2241. I will dismiss Waldrop's claims without prejudice for lack of jurisdiction.

A separate Final Order will be entered herewith.

DATED:   May 27, 2022

/s/  JAMES P. JONES
Senior United States District Judge

---

[2] Waldrop also believes that the mandatory minimum consecutive sentence of five years required for a § 924(c) conviction prohibited the court from imposing a sentence greater than five years. He is mistaken. A mandatory minimum sentence is the shortest term that the court may impose, not a prescribed term for every defendant.